IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION


| | | |
|---|---|---|
| THERESA C. ROGERS, | ) | Case No.: 2:09-CV-2016-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| PIGGLY WIGGLY CAROLINA | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, First Judicial Circuit.  Plaintiff asserts claims for violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1) [First Cause of Action]; negligent and grossly negligent supervision [Second Cause of Action]; and defamation [Third Cause of Action].

Because the Complaint alleges a cause of action arising under the FMLA, the Defendant removed the case to United States District Court pursuant to 28 U.S.C. § § 1331 and 1446(b).  Following removal, the Defendant filed a motion to dismiss and motion to strike pursuant to Rule 12, Fed.R.Civ.P., seeking dismissal of Plaintiff's Second Cause of Action and the striking from Paragraphs 46 and 49 of all allegations in which Plaintiff is seeking special damages for emotional harm, both pursuant to the exclusivity provision of the South Carolina Workers'

1



Compensation Act.

Plaintiff filed a memorandum in opposition to the Defendant's motion, following which Defendant filed a reply memorandum. Defendant's motion is now before the Court for disposition.[1]

## Discussion

Plaintiff alleges in her Complaint that she was employed by the Defendant for approximately nine years until she was wrongfully terminated on April 10, 2009. Plaintiff alleges that she was placed on FMLA leave for the birth of a child on January 26, 2009, and was still out on that leave when she learned on April 10, 2009, that she had been fired for allegedly marking down the price on a package of meat that her daughter had purchased two months earlier. Plaintiff alleges that she met with the store manager, but that the store manager refused to listen to her or to reinstate her; that the Defendant's stated reason for her termination is false; and that the real reason for her termination was the Defendant's desire to replace her with an employee making less money per hour.

## I.

### (Motion to Dismiss)

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the [Plaintiff]. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991);

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



(quoting <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428 (3rd Cir. 1991)). <u>See</u> <u>also</u> <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In her Second Cause of Action (Plaintiff's

claim for negligent and grossly negligent supervision), Plaintiff alleges that the Defendant knew that

the store manager was trying to reduce overhead costs by terminating higher paid employees, and that

the Defendant owed her a duty to ensure that she was treated fairly. Plaintiff further alleges that the

Defendant negligently and recklessly permitted the store manager to wrongfully terminate her without

a proper investigation, and that the Defendant's actions towards her were also willful, reckless and

wanton.

Defendant argues in its motion that this claim is barred by the exclusive remedy

provision of the South Carolina Workers' Compensation Act, the relevant portion of which provides:

> The rights and remedies granted by this Title to an employee when he
> and his employer have accepted the provisions of this Title,
> respectively, to pay and accept compensation on account of personal
> injury or death by accident, shall exclude all of the rights and remedies
> of such employee, . . . . as against his employer, at common law, or
> otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540.

Plaintiff contends that her claim is not covered by this Act, because what happened to her was not

an "accident", but was instead an intentional act. However, South Carolina courts applying § 42-1-

540 have specifically held that an employee's claims against an employer for injury based on

negligent supervision are covered by the Workers' Compensation Act. <u>See</u> <u>Dickert v. Metropolitan</u>

<u>Life Ins. Co.</u>, 428 S.E.2d 700 (S.C. 1993)[holding that the Act provides the exclusive remedy for

work-related injuries, and that claims for negligence, including hiring, retention, and supervision, as

well as emotional distress are covered by the Act]; <u>Palmer v. House of Blues Myrtle Beach Restaurant</u>



Corp., No. 05-3301, 2006 WL 2708278, at * 3 (D.S.C. Sept. 20, 2006); Loges v. Mack Trucks, 417 S.E.2d 538 (S.C. 1992)[Dismissal of claim of negligent supervision under Workers Compensation Act]; see also Powell v. Vulcan Materials Co., 384 S.E.2d 725 (S.C. 1989); Thompson v. J. A. Jones Const. Co., 19 S.E.2d 226 (S.C. 1942); Washington v. Hilton Hotels Corp., No. 07-2694, 2008 WL 747792, at * 4 (D.S.C. Mar. 17, 2008); Ray v. Bechtel Savannah River, Inc., No. 06-2946, 2007 WL 1960587 (D.S.C. Jul. 2, 2007)[Granting motion to dismiss]. This finding is the same even where, as here, the Defendant's conduct is alleged to have been wanton, willful and reckless. Washington v. Hilton Hotels Corp., 2008 WL 747792, at * 7; Palmer v. House of Blues Myrtle Beach Restaurant Corp., 2006 WL 2708278, at * 3.

While Plaintiff is correct that a claim is not barred by the exclusivity provision of the Workers' Compensation Act where the injury is not accidental, but rather results from the intentional act of the employer, that exception only applies where the allegedly intentional conduct was committed by the employer through an "alter ego" of the employer itself. There is no allegation in the Complaint that the store manager in this case, even assuming he or she could be deemed to have engaged in "intentional" conduct under the Act, was an alter ego of the Defendant. See also Dickert, 428 S.E.2d at 701 [Defining "alter ego" as "dominate corporate owners and officers", and not to include "supervisory employees"]; Washington v. Hilton Hotels Corp., 2008 WL 747792, at * 5; Palmer v. House of Blues Myrtle Beach Restaurant Corp., 2006 WL 2708278, at * 4.

Finally, Plaintiff also argues that her claim is not barred by the exclusivity provision of the Workers' Compensation Act because her "wrongful termination" is not a Workers' Compensation event. However, a termination necessarily arises out of the employment relationship. See Baggott v. Southern Music, Inc., 496 S.E.2d 852, 854 (S.C. 1998); cf. Ward v. City of Myrtle

4



Beach, 457 F.Supp.2d 625, 632, 646-647 (D.S.C. 2006)[holding that terminated employee's state law outrage and negligence claims were barred by South Carolina's Workers Compensation Act]; Taylor v. Cummins Atlantic, Inc., 852 F.Supp. 1279, 1282-1283 (D.S.C. 1994)[Terminated employee's outrage claim precluded by S.C. Worker's Compensation Act]. Further, even if Plaintiff's claim was for wrongful termination in violation of public policy, her claim would still be subject to dismissal, as she has a remedy under the FMLA. Palmer v. House of Blues Myrtle Beach Restaurant Corp., 2006 WL 2708278, * 5. Therefore, the Defendant is entitled to dismissal of Plaintiff's Second Cause of Action.

## II.

### (Motion to Strike)

With respect to Defendant's Rule 12(f) motion to strike those portions of Paragraphs 46 and 49 of Plaintiff's complaint which assert a claim for special damages for emotional harm, Defendant's motion should be denied.[2] While Defendant argues that this relief is barred by the Workers' Compensation Act, even Defendant concedes that where the tort alleged is injury to reputation, the claim is not barred by the exclusivity provision of the Workers' Compensation Act. Defendant's Brief, note 3; see also Ray v. Bechtel Savannah River, Inc., 2007 WL 1960587, at * 2 (citing Cason v. Duke Energy Corp., 560 S.E.2d 891, 893 (S.C. 2002)). Paragraphs 46 and 49 of the complaint, and the relief requested therein, are part of the Plaintiff's defamation cause of action, which specifically alleges an injury to Plaintiff's reputation. Complaint, ¶ 46. See also, Murray v. Holnam, 542 S.E.2d 743, 748 (S.C.Ct. App. 2001)[setting out elements of defamation claim];

---

[2]While an Order could be issued on this request, since Defendant's motion combined its request to dismiss and to strike in one motion, the undersigned has included the motion to strike as part of this Report and Recommendation.



Goodwin v. Kennedy, 552 S.E.2d 319, 327 (S.C.Ct. App. 2001)[General damages in a defamation suit include such things as injury to reputation, mental suffering, hurt feelings, and similar types of injuries which are incapable of definite money valuation.]. As the claim is not barred by the Workers' Compensation Act, Plaintiff's requested relief for emotional harm is also not barred by that Act. Therefore, the Defendant is not entitled to have the cited requested relief stricken from the Complaint.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss Plaintiff's Second Cause of Action be **granted**, and that this cause of action be dismissed from the case. It is further recommended that the Defendant's motion to strike those portions of Paragraphs 46 and 49 of the Complaint requesting relief for damages for emotional harm be **denied**.

The parties are referred to the Notice Page attached hereto.


_____
Bristow Marchant
United States Magistrate Judge

October 29, 2009

Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

