IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Theresa C. Rogers, ) | |
| ) | C/A No. 2:09-2016-MBS-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Piggly Wiggly Carolina Company, ) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Theresa C. Rogers is a former employee of Defendant Piggly Wiggly, Inc. Plaintiff filed the within action in the Court of Common Pleas for Dorchester County, South Carolina, on June 29, 2009. Plaintiff alleges causes of action for FMLA [Family and Medical Leave Act] Interference, 29 U.S.C. § 2615(a)(1) (First Cause of Action); Negligent and Grossly Negligent Supervision (Second Cause of Action); and Defamation (Third Cause of Action). Defendant removed the case to this court on July 30, 2009, on the basis of federal question jurisdiction. See 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

This matter is before the court on motion to dismiss and to strike filed by Defendant on August 5, 2009. Defendant contends that Plaintiff's Second Cause of Action (negligent supervision) should be dismissed as barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540. Defendant further asserts that Plaintiff's allegations of emotional harm in paragraphs 46 and 49 of the Third Cause of Action (defamation) should be

stricken as barred by the Act. Plaintiff filed a response in opposition to the motion to dismiss and to strike on August 19, 2009, to which Defendant filed a reply on August 26, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge filed a Report and Recommendation on October 30, 2009. The Magistrate Judge determined that Plaintiff's Second Cause of Action is barred by exclusivity provisions of the Workers' Compensation Act. The Magistrate Judge further determined that the tort of defamation is not barred by the Act, and thus Plaintiff requested relief for emotional harm also is not barred by the Act. Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted, and that the motion to strike be denied. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss is **granted**, and Defendant's motion to strike is **denied**.

(Entry 7)  The within action is recommitted to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            United States District Judge

Columbia, South Carolina

December 11, 2009